1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   NICK ESCO,                            No.  2:15-cv-00612-GEB-AC
12                Plaintiff,
13        v.                               ORDER
14   TOLLER BAIL BONDS,
15                Defendant.
16

17        Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to

18   28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by

19   Local Rule 302(c)(21).

20        Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to

21   prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma

22   pauperis will be granted.  28 U.S.C. § 1915(a).

23        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

24   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

25   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26   § 1915(e)(2).

27        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond a doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

It is difficult to discern from plaintiff's complaint what claims he intends to assert. Although plaintiff submitted his complaint on a form used by prisoners for § 1983 claims, the only named defendant is not a public entity or public employee.  See ECF No. 1 at 1 (naming Toller Bail Bonds as the only defendant); 2 (stating "the jail" told plaintiff it had nothing to do with his complaint); 3 (alleging facts without reference to the government at all).  Plaintiff is informed that 42 U.S.C. § 1983 is a civil rights statute that provides for suits against individuals who act "under color of law," which means as representatives of state or local government.  See generally West v. Atkins, 487 U.S. 42, 49 (1988).

It seems that plaintiff may be trying to state a claim for conversion, although he does not identify this legal theory as the basis for his complaint.  Plaintiff alleges that he was let out on bond by Toller Bail Bonds despite the fact that he "did not ask to be let out."  Id. at 2. Apparently, Toller (presumably the owner/operator of Toller Bail Bonds) told the landlord of plaintiff's former spouse, Martha Garza-Esco, that he had the right to enter her apartment.  Id. at 2–3.  Once in Ms. Garza-Esco's apartment Toller stole $8,500 from her dresser drawer.  Id. at 3. Plaintiff seeks the return of that $8,500.  Id.

The court finds that plaintiff's complaint does not contain a short and plain statement as

2

1   required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible

2   pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

3   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff's

4   complaint does not include any cognizable legal theory entitling him to relief from defendant and

5   accordingly, it does not comply with the requirements of Rule 8(a)(2).

6         It is also worth noting that plaintiff likely does not have standing to assert any claim based

7   on the facts alleged in his complaint.  Article III provides the constitutional requirements for

8   standing: (1) a concrete and particularized injury in fact; (2) causation; and (3) redressability.

9   Central Delta Water Agency v. United States, 306 F.3d 938, 946 (9th Cir. 2002).  "To satisfy the

10  Article III case or controversy requirement, a litigant must have suffered some actual injury that

11  can be redressed by a favorable judicial decision."  Iron Arrow Honor Society v. Heckler, 464

12  U.S. 67, 70 (1983).  The injury must be "fairly traceable to the challenged action of the

13  defendant."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  In addition, the party

14  filing the action or removing it to federal court bears the burden of establishing the constitutional

15  elements of standing.  Id. at 561; Central Delta Water Agency, 306 F.3d at 947.  Plaintiff alleges

16  that Toller stole $8,500 from Ms. Garza-Esco.  ECF No. 1 at 3.  As long as the $8,500 in question

17  belonged exclusively to Ms. Garza-Esco, plaintiff has not alleged any injury to him that would

18  create an Article III case or controversy.

19        Plaintiff is cautioned that if he chooses to file an amended complaint, he must submit a

20  short and plain statement in accordance with Federal Rule 8(a) explaining who has engaged in

21  what actions, how those actions have injured him, and what law entitles him to relief.  Plaintiff

22  must allege facts showing that he has suffered an injury caused by the defendant sufficient to

23  create a case or controversy.  Any amended complaint must also show that the federal court has

24  jurisdiction, that the action is brought in the right place, that plaintiff is entitled to relief if his

25  allegations are true, and the amended complaint must contain a request for particular relief.  The

26  amended complaint should contain separately numbered, clearly identified claims.

27        In addition, the allegations of the complaint must be set forth in sequentially numbered

28  paragraphs, with each paragraph number being one greater than the one before, each paragraph

1   having its own number, and no paragraph number being repeated anywhere in the complaint.

2   Each paragraph should be limited "to a single set of circumstances" where possible.  Fed. R. Civ.

3   P. 10(b).  Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid

4   narrative and storytelling.  That is, the complaint should not include every detail of what

5   happened, nor recount the details of conversations (unless necessary to establish the claim), nor

6   give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should

7   contain only those facts needed to show how the defendant legally wronged the plaintiff.

8        Local Rule 15-220 requires that an amended complaint be complete in itself without

9   reference to any prior pleading.  This is because, as a general rule, an amended complaint

10   supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

11   plaintiff files an amended complaint, the original pleading no longer serves any function in the

12   case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

13   involvement of each defendant must be sufficiently alleged.

14        In accordance with the above, IT IS HEREBY ORDERED that:

15        1.  Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED;

16        2.  Plaintiff's complaint, ECF No. 1, is dismissed; and

17        3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

18   complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the

19   Local Rules of Practice; the amended complaint must bear the docket number assigned this case

20   and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of

21   the amended complaint; failure to file an amended complaint in accordance with this order will

22   result in a recommendation that this action be dismissed.

23   DATED:  April 22, 2015

24                                            _____

25                                            ALLISON CLAIRE
                                             UNITED STATES MAGISTRATE JUDGE

26

27

28

                                             4